Lisa Barré-Quick
NJ Attorney ID 029861991
APRUZZESE, McDERMOTT,
MASTRO & MURPHY P.C.
25 Independence Boulevard
P.O. Box 112
Liberty Corner, New Jersey  07938
(908) 580-1776
lbarrequick@ammm.com
Attorneys for Defendant,
Newark Beth Israel Medical Center

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOY ACHEBE | Civil Action No. _____ |
| Plaintiff, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  ESSEX COUNTY<br>Docket No.: ESX-L-8459-18 |
| v. | |
| NEWARK BETH ISRAEL MEDICAL CENTER, PATRICIA G. MASON, BSN, RN, ABC CORPORATIONS "1-5" (fictitious defendants whose identities are unknown to Plaintiff at this time), and JOHN DOES "1-5" (fictitious defendants whose identities are unknown to Plaintiff at this time). | *CIVIL ACTION*<br><br>**NOTICE OF REMOVAL**<br>(Electronically Filed) |
| Defendants. | |

**TO:   CHIEF JUDGE AND JUDGES OF
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Silvia G. Gerges, Esq.
LAWRENCE & GERGES, LLC
140 Mountain Spring Avenue, Suite 204
Springfield, New Jersey 07081
Attorneys for Plaintiff

Clerk, Law Division
Superior Court of New Jersey
Essex County Courts Building
50 West Market Street
Newark, New Jersey 07102

**HONORABLE JUDGES:**

Defendant, Newark Beth Israel Medical Center ("Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. § 1441 to the United States District Court for the District of New Jersey, and, without admitting any of the allegations in the Complaint, as grounds therefore shows as follows:

## TIMELINESS OF REMOVAL

1.      Upon information and belief, on or about December 3, 2018, Plaintiff commenced a civil action against Defendant in the Superior Court of New Jersey, Essex County, Law Division, entitled *Joy Achebe v. Newark Beth Israel Medical Center et al.,* Docket No. ESX-L-8459-18.

2.      Defendant was formally served with the Summons and Complaint on December 5, 2018, which was Defendant's first notice of the civil action.   A copy of the Summons, Complaint, and Case Information Statement is attached as Exhibit A.

3.      Accordingly, pursuant to and in accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service on and receipt by the Defendant of the Summons and Complaint in this action and its first notice of the civil action.

## BASIS FOR REMOVAL

4.      This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5.      In Count II of the Complaint, Plaintiff alleges that Defendant violated federal law, namely the Family and Medical Leave Act, 29 U.S.C. § 2501, *et seq.*

6.      In Count III of the Complaint, Plaintiff alleges that Defendant violated federal law, namely the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

7.      The Complaint also includes state law claims for alleged violations of the New Jersey Family Leave Act, N.J.S.A. 34:11B-1, *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. 23:11-56a, *et seq.*

8.      The above-described action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), in that Plaintiff asserts a civil action based on a claim or right "arising under the Constitution, laws, or treaties of the United States."

9.      Because the United States District Court has original jurisdiction over Plaintiff's claims, this case is subject to timely removal under 28 U.S.C. §§ 1441 and 1446.

10.     The pendent state law claims arise from a common nucleus of operative facts which may be removed to the United States District Court pursuant to 28 U.S.C. § 1441(c).

11.     Defendant has not previously sought similar relief.

## CONSENT TO REMOVAL

12.     All named defendants consent to this removal.

## NOTICE / SERVICE

13.     Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served via Federal Express upon Plaintiff's counsel and via electronic filing upon the Clerk of the Superior Court of New Jersey, Essex County, Law Division.

WHEREFORE, Defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from

the Superior Court of New Jersey, Essex County to the United States District Court for the District of New Jersey.

Respectfully submitted,

APRUZZESE, MCDERMOTT
MASTRO & MURPHY, P.C.
Attorneys for Defendant,
Newark Beth Israel Medical Center

Dated: December 19, 2018          By:     /s/Lisa Barré-Quick
                                          Lisa Barré-Quick

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Lisa Barré-Quick, Esq., counsel for Defendant Newark Beth Israel Medical Center certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, other than the aforementioned New Jersey Superior Court action.

S/ Lisa Barré-Quick, Esq.
Apruzzese, McDermott
 Mastro & Murphy, P.C.
25 Independence Boulevard
P.O. Box 112
Liberty Corner, New Jersey 07938
(908) 580-1776
Fax: (908) 647-1492
lbarrequick@ammm.com

Dated:   December 19, 2018

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that I served copies of this Notice of Removal on this 19th day of December, 2018 as follows:

Clerk
Law Division – Essex County
Superior Court of New Jersey
Essex County Courts Building
50 West Market Street
Newark, New Jersey 07102
(via electronic filing)

Silvia G. Gerges, Esq.
LAWRENCE & GERGES, LLC
140 Mountain Spring Avenue, Suite 204
Springfield, New Jersey 07081
Attorneys for Plaintiff
(via federal express)

/S/ Lisa Barré-Quick, Esq.
Apruzzese, McDermott
 Mastro & Murphy, P.C.
25 Independence Boulevard
P.O. Box 112
Liberty Corner, New Jersey 07938
(908) 580-1776
Fax: (908) 647-1492
lbarrequick@ammm.com

Dated: December 19, 2018
S:\SS\Hospitals - Active\Newark Beth Israel Medical Center\Achebe, Joy\Pleadings\Notice of Removal.doc

**EXHIBIT A**

Received                                    Dec  4 2018 12:08pm

Silvia G. Gerges, Esq. (01622012)
LAWRENCE & GERGES, LLC
140 Mountain Avenue, Suite 204
Springfield, NJ 07081
Phone: 908-845-3535
Email: info@thelgfirm.com
Attorneys for Plaintiff

| | |
|---|---|
| **JOY ACHEBE**<br><br>                     Plaintiff,<br><br>v.<br><br>**NEWARK BETH ISRAEL MEDICAL CENTER, PATRICIA G. MASON, BSN, RN, ABC CORPORATIONS "1-5"** (fictitious defendants whose identities are unknown to Plaintiff at this time), and **JOHN DOES "1-5"** (fictitious defendnats whose identities are unknown to Plaintiff at this time).<br><br>                     Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br><br>**LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.: ESX-L-8459-18**<br><br>**CIVIL ACTION**<br><br>**SUMMONS** |

FROM THE STATE OF NEW JERSEY TO:  NEWARK BETH ISRAEL MEDICAL CENTER

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above with 35 days from the date you received this summons, not counting the date you received it.  (The address of each deputy clerk of the Superior Court is provided.)If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if not attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  A list of these offices is provided.  If you do not have an attorney are not eligible for legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

/s/ Elisabeth Strom
Acting Clerk of the Superior Court

DATED:  December 4, 2018

Name of Defendant to be served:   NEWARK BETH ISRAEL MEDICAL CENTER

Address of Defendant to be served: 201 LYONS AVENUE, NEWARK, NJ 07112

Received
Dec  4 2018 12:00pm

ESX-L-008459-18   12/03/2018 2:00:00 AM  Pg 1 of 10 Trans ID: LCV20182084860

Silvia G. Gerges, Esq. (Bar #01622012)
LAWRENCE & GERGES, LLC
140 Mountain Avenue, Suite 204
Springfield, New Jersey 07081
Ph: (908) 845-3535; Fax: (908) 845-3536
Email: info@thelgfirm.com
Attorneys for Plaintiff(s)

| | |
|---|---|
| **JOY ACHEBE**<br><br>               **Plaintiff,**<br><br>    v.<br><br>**NEWARK BETH ISRAEL MEDICAL CENTER, PATRICIA G. MASON, BSN, RN, ABC CORPORATIONS "1-5"** (fictitious defendants whose identities are unknown to Plaintiff at this time), and **JOHN DOES "1-5"** (fictitious defendnats whose identities are unknown to Plaintiff at this time).<br><br>                         **Defendants.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY**<br><br>Docket No.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

    Plaintiff, JOY ACHEBE, residing at 29 Llewellyn Avenue, City of West Orange, County of Essex, State of New Jersey, by way of Complaint against the Defendants, NEWARK BETH ISRAEL MEDICAL CENTER (hereinafter, "NEWARK BETH ISRAEL"), PATRICIA G. MASON, BSN,RN, ABC CORPORATIONS "1-5" (fictitious defendants whose identities are unknown to Plaintiff at this time), and JOHN DOES "1-5" (fictitious defendants whose identities are unknown to Plaintiff at this time) alleges:

    This actions bas been initiated by the Plaintiff for violations of the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq., the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C.A. § 2601 et. seq., the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a4, the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.1 et seq. and the Fair Labors Standards Act, 29 U.S.C. §§ 201 et seq. As a direct

consequence of the Defendants' unlawful actions, the Plaintiff suffered harm and seeks equitable relief and damages from the defendants as set forth herein.

## FACTS

1. At all times relevant to this complaint, Defendant NEWARK BETH ISRAEL was a business with an address of 201 Lyons Avenue, City of Newark, County of Essex, State of New Jersey, and was Plaintiff's "employer" with the meaning of the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq., the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C.A. § 2601 et. seq., the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a4, the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.1 et seq. and the Fair Labors Standards Act, 29 U.S.C. §§ 201 et seq.

2. Plaintiff was employed as a registered for Defendant NEWARK BETH ISRAEL for approximately nineteen (19) years.

3. Plaintiff was employed full-time and worked in excess of 1250 hours yearly and was therefore eligible for benefits under the New Jersey Family Leave Act and the Family and Medical Leave Act of 1993.

4. In November of 2015, Plaintiff requested a protected leave under the New Jersey Family Leave Act and/or the Family and Medical Leave Act of 1993 to take care of her ailing mother.

5. Plaintiff properly requested the leave from Defendant NEWARK BETH ISRAEL's Human Resources department and provided the necessary information.

6. In early December 2015, Defendant MASON held a meeting with Emergency Department Nursing Staff wherein she instructed nurses to clock out at the end of their shift and then continue writing their patient notes off the clock.

7. Plaintiff Achebe was the only one to object to this instruction and stated that she believed the law requires that an employee continue being clocked in if he/she is still working.

2

Received                                          Dec  4 2018 12:09pm

ESX-L-008459-18   12/03/2018 2:00:00 AM  Pg 3 of 10 Trans ID: LCV20162084860

8.  Plaintiff Achebe further expressed that she believed this would be a liability issue if the nurses were still on site and expected to assist patients or do other work but the time-clock states they are no longer working.

9.  Plaintiff reasonably believed that Defendant MASON's instruction was a violation of New Jersey and federal labor laws.

10. Shortly thereafter, on December 11, 2015,  Plaintiff was advised by the Human Resources department that her request for leave to care for her mother was denied.

11. Plaintiff learned that Defendant MASON questioned Plaintiff's application and denied her request for her protected leave, claiming she only made the request to take extra vacation time around the Christmas holidays.

12. Plaintiff contested Defendant MASON's decision and was ultimately given the protected leave to care for her mother.

13. On or about January 25, 2016, Plaintiff was written up for not clocking out and working off-the-clock to finish patient notes on various dates between December 5, 2015 to December 16, 2015.

14. On or about July 2016, Plaintiff requested a period of protected medical leave due to a facial burn. Plaintiff's burn was exposed, and she would have been at a high risk of infection in an emergency department setting.

15. Again, Defendant MASON denied Plaintiff's request and Plaintiff had to contest the decision and ultimately was given the protected leave.

16. On or about November 11, 2016, Defendant MASON falsely accused Plaintiff of failing to document a patient's medication when Plaintiff was not responsible for that patient at that time.

17. Mr. Zach Lipner from Defendant NEWARK BETH ISRAEL's Human Resources department instructed Plaintiff to tender her resignation on November 17, 2016 by 1:30 P.M. or she would be reported to the Board of Nursing.

3

Received                                    Dec  4 2016 12:09pm

ESX-L-008459-18   12/03/2018 2:00:00 AM  Pg 4 of 10 Trans ID: LCV20182084860

18. Plaintiff drafted a letter of resignation under duress and handed it to Mr.
Lipner on November 17, 2016. However, Defendant NEWARK BETH
ISRAEL did not accept Plaintiff's resignation and instead placed her on an
unpaid suspension pending further "investigation."

19. On or about December 6, 2016, Defendant NEWARK BETH ISRAEL
summarily terminated Plaintiff in retaliation for her protected activities and
complaints.

20. On or about December 9, 2016, Defendant MASON further retaliated against
Plaintiff by reporting her to the New Jersey Board of Nursing and requesting
that the Board investigate Plaintiff.

21. The Plaintiff's protected activities were a substantial motivating factor in
Defendants' retaliatory actions as described above in violation of the New
Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq., the Family and Medical
Leave Act of 1993 (FMLA), 29 U.S.C.A. § 2601 et. seq., the New Jersey Wage
and Hour Law, N.J.S.A. §34:11-56a4, the New Jersey Wage Payment Law,
N.J.S.A. 34:11-4.1 et seq. and the Fair Labors Standards Act, 29 U.S.C. §§
201 et seq.

22. On or about July 2018, the New Jersey Board of Nursing closed their
investigation of Plaintiff and did not substantiate any of the allegations made
by Defendants NEWARK BETH ISRAEL and/or MASON against her.

## COUNT I (TERMINATION IN VIOLATION OF THE NEW JERSEY FAMILY LEAVE ACT)

1. The Plaintiff repeats and re-alleges all the allegations of the previous
paragraphs as if set forth at length herein.

2. On or about November 2015, Plaintiff requested leave for the purpose of caring
for her ailing mother.

4

Received                                        Dec  4 2018 12:09pm

ESX-L-008459-18   12/03/2018 2:00:00 AM  Pg 5 of 10 Trans ID: LCV20182084860

3.  Plainitff's mother was her "parent" within the meaning of the New Jersey
    Family Leave Act, N.J.S.A. 34:11B-1 et. seq.

4.  Plaintiff had worked for Defendants over 18 years at the time of her requested
    leave, and had worked for more than 1000 hours in the 12 months preceding
    her request for leave.

5.  In spite of this, Plaintiff's request for leave was initially denied, and she was
    forced to contest it before she could exercise her right to take time off to care
    for her mother.

6.  On or about December 6, 2016, Defendants terminated Plaintiff from her
    position.

7.  Plaintiff alleges and asserts that her leave was protected pursuant to the New
    Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq. and the Defendants'
    retaliatory termination of her position because she took said leave was
    unlawful in violation of N.J.A.C. §14-1.15.

WHEREFORE, Plaintiff ACHEBE demands judgment against Defendants
NEWARK BETH ISRAEL MEDICAL CENTER, PATRICIA G. MASON, BSN,RN,
ABC CORPORATIONS "1-5" (fictitious defendants whose identities are unknown to
Plaintiff at this time), and JOHN DOES "1-5" (fictitious defendnats whose identities
are unknown to Plaintiff at this time) for:

A.  Statutory damages in the amount of lost wages, benefits, and other
    compensation, plus interest thereon at the statuory rate;

B.  Equitable relief, including but not limited to emotional distress damages;

C.  Back Pay;

D.  Front Pay;

E.  Loss of benefits;

F.  Compensatory damages;

G.  Punitive damages;

H.  Enhanced attorney's fees and costs as permitted by law;

5

Received                          Dec  4 2018 12:09pm

ESX-L-008459-18   12/03/2018 2:00:00 AM  Pg 6 of 10 Trans ID: LCV20182084850

I.  Civil penalties as prescribed by law;

J.  Interest;

K.  Costs of suit; and

L.  Such other relief as the Court may deem proper.

## COUNT II (TERMINATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT)

1. The Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth at length herein.

2. On or about July 2016, Plaintiff requested and/or was entitled to medical leave due to her condition.

3. Plaintiff had worked for Defendants over 18 years at the time of her requested leave, and had worked for more than 1250 hours in the 12 months preceding her request for leave.

4. In spite of this, Plaintiff's request for leave was initially denied, and she was forced to contest it before she could exercise her right to take time off.

5. On or about December 6, 2016, Defendants terminated Plaintiff from her position.

6. Plaintiff alleges and asserts that her leave was protected pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A §§ 2601 et. seq. and the Defendants' retaliatory termination of her position because she availed herself of her protected medical leave was unlawful in violation of 29 U.S.C.A. §2615.

WHEREFORE, Plaintiff ACHEBE demands judgment against Defendants NEWARK BETH ISRAEL MEDICAL CENTER, PATRICIA G. MASON, BSN,RN, ABC CORPORATIONS "1-5" (fictitious defendants whose identities are unknown to

6

Received                                    Dec  4 2018 12:10pm

ESX-L-008459-18   12/03/2018 2:00:00 AM  Pg 7 of 10 Trans ID: LCV20182084860

Plaintiff at this time), and JOHN DOES "1-5" (fictitious defendnats whose identities are unknown to Plaintiff at this time) for:

    A. Statutory damages in the amount of lost wages, benefits, and other compensation, plus interest thereon at the statuory rate;

    B. Equitable relief, including but not limited to emotional distress damages;

    C. Back Pay;

    D. Front Pay;

    E. Loss of benefits;

    F. Compensatory damages;

    G. Punitive damages;

    H. Enhanced attorney's fees and costs as permitted by law;

    I. Civil penalties as prescribed by law;

    J. Interest;

    K. Costs of suit; and

    L. Such other relief as the Court may deem proper.

## COUNT III (TERMINATION IN VIOLATION OF THE FAIR LABOR STANDARD ACT)

1. The Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth at length herein.

2. On or about December 2015, Defendants demanded that Plaintiff and other nurses clock out before their work is completed and continue working without pay, so as to avoid paying Plaintiffs and other employees overtime.

3. Plaintiff objected to Defendants' employment practices and asserted that they are a violation of state and federal labor laws.

7

Received

Dec  4 2018 12 10pm

ESX-L-008459-18   12/03/2018 2:00:00 AM  Pg 8 of 10 Trans ID: LCV20182084860

4. Defendants first retaliated against Defendant in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. by writing her up for not clocking out until she finished work on various dates in December 2015.

5. On or about December 6, 2016, Defendants terminated Plaintiff from her position.

6. Plaintiff alleges and asserts that her objection to Defedants' violations of the Fair Labor Standards Act was a substantial motivating factor in her termination in violation of 29 U.S.C. §§ 201 et seq.

WHEREFORE, Plaintiff ACHEBE demands judgment against Defendants NEWARK BETH ISRAEL MEDICAL CENTER, PATRICIA G. MASON, BSN,RN, ABC CORPORATIONS "1-5" (fictitious defendants whose identities are unknown to Plaintiff at this time), and JOHN DOES "1-5" (fictitious defendnats whose identities are unknown to Plaintiff at this time) for:

A. Compensatory damages;

B. Liquidated damages;

C. Punitive damages;

D. Equitable relief, including but not limited to emotional distress damages;

E. Enhanced attorney's fees and costs as permitted by law;

F. Civil penalties as prescribed by law;

G. Interest;

H. Costs of suit; and

I. Such other relief as the Court may deem proper.

## COUNT IV (TERMINATION IN VIOLATION OF THE NEW JERSEY WAGE LAWS)

8

Received                                    Dec  4 2018 12:10pm

ESX-L-008459-18   12/03/2018 2:00:00 AM Pg 9 of 10 Trans ID: LCV20182084860

1. The Plaintiff repeats and re-alleges all the allegations of the previous paragraphs as if set forth at length herein.

2. On or about December 2015, Defendants demanded that Plaintiff and other nurses clock out before their work is completed and continue working without pay, so as to avoid paying Plaintiffs and other employees overtime.

3. Plaintiff objected to Defendants' employment practices and asserted that they are a violation of state and federal labor laws.

4. Defendants first retaliated against Defendant in violation of the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a4 by writing her up for not clocking out until she finished work on various dates in December 2015.

5. On or about December 6, 2016, Defendants terminated Plaintiff from her position.

6. Plaintiff alleges and asserts that her objection to Defedants' violations of the New Jersey labor laws was a substantial motivating factor in her termination in violation of the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a4.

WHEREFORE, Plaintiff ACHEBE demands judgment against Defendants NEWARK BETH ISRAEL MEDICAL CENTER, PATRICIA G. MASON, BSN,RN, ABC CORPORATIONS "1-5" (fictitious defendants whose identities are unknown to Plaintiff at this time), and JOHN DOES "1-5" (fictitious defendnats whose identities are unknown to Plaintiff at this time) for:

A. Compensatory damages;

B. Liquidated damages;

C. Punitive damages;

D. Equitable relief, including but not limited to emotional distress damages;

E. Enhanced attorney's fees and costs as permitted by law;

F. Civil penalties as prescribed by law;

G. Interest;

H. Costs of suit; and

9

Received                                   Dec  4 2018 12:10pm

ESX-L-008459-18   12/03/2018 2:00:00 AM  Pg 10 of 10 Trans ID: LCV20182084860

I.  Such other relief as the Court may deem proper.

### JURY DEMAND

The Plaintiff demands a trial by jury on all issues.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Silvia G. Gerges, Esq. is hereby designated as trial counsel in this within matter.

                                        LAWRENCE & GERGES
                                        Attorneys for Plaintiff


                            By:  _____
                                    Silvia G. Gerges, Esq.

Dated: December 2, 2018

### CERTIFICATION PURSUANT TO R. 4:5-1

Silvia G. Gerges, Esq., of full age, certifies in accordance with R. 4:5-1 and R. 4:4-4 (b), as follows:

The matter in controversy is not the subject of any other action pending in any court or in any proceeding against the Defendants. Based on present knowledge there exists no additional party who should be joined in the within action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                    _____
                                    Silvia G. Gerges, Esq.

DATED: December 2, 2018

10

Received

Dec  4 2018 12 10pm

ESX-L-008459-18   12/03/2018 2:00:00 AM Pg 1 of 1 Trans ID: LCV20182084860

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-008459-18**

Case Caption: ACHEBE JOY  VS NEWARK BETH ISRAEL
M EDICAL CT

Case Initiation Date: 12/03/2018

Attorney Name: SILVIA G GERGES

Firm Name: LAWRENCE & GERGES LLC

Address: 140 MOUNTAIN AVE STE 204
SPRINGFIELD NJ 07081

Phone:

Name of Party: PLAINTIFF : Achebe, Joy

Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: EMPLOYMENT (OTHER THAN CEPA OR LAD)

Document Type: NJ eCourts Case Initiation Confirmation

Jury Demand: YES - 6 JURORS

Hurricane Sandy related? NO

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
       If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
       If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/03/2018
Dated

/s/ SILVIA G GERGES
Signed